IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:26-MJ-04077 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE JONATHAN D. |
| | ) | GREENBERG |
| | ) | |
| v. | ) | |
| | ) | GOVERNMENT'S MOTION TO |
| WYATT JAMES BRZOSKA, | ) | EXTEND TIME FOR RETURNING |
| | ) | INDICTMENT |
| Defendant. | ) | |

The United States of America, by and through its counsel, David M. Toepfer, United

States Attorney, and Matthew W. Shepherd, Assistant U.S. Attorney, respectfully moves this

Court to extend the time for filing an information or indictment for 30 days until May 13, 2026,

for the reasons set forth in the attached Memorandum.

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney

By:    /s/ Matthew W. Shepherd
      Matthew W. Shepherd (OH: 0074056)
      Assistant U.S. Attorney
      United States Court House
      801 West Superior Avenue, Suite 400
      Cleveland, Ohio 44113-1852
      (216) 622-3859
      (216) 522-2403 (facsimile)
      Matthew.shepherd@usdoj.gov

MEMORANDUM

A.

On March 13, 2026, a criminal complaint (Case No. 1:26-MJ-04077) was filed against defendant, Wyatt James Brzoska, charging the defendant with violations of 18 U.S.C. § 875(c), threatening interstate communications, and 18 U.S.C. § 922(g)(3), unlawful user of controlled substance in possession of firearms.   The defendant was arrested pursuant to the complaint on March 14, 2026.  The defendant appeared before United States Magistrate Judge James E. Grimes, Jr., on March 16, 2026.  At the time of the initial appearance, the defendant was remanded to the custody of the U.S. Marshal's Service pending a preliminary hearing and detention hearing, which was scheduled for March 20, 2026.  On March 19, 2026, the defendant submitted a signed waiver of his right to a preliminary hearing.  As a result, the matter was bound over to the grand jury.  The detention hearing was held on March 20, 2026, and on March 23, 2026, this Court issued an order of detention, finding that no condition or combination of conditions exist that would reasonably assure the safety of the community.  Defendant was remanded into the custody of the U.S. Marshal's Service.

B.

Title 18, Section 3161 of the United States Code provides that an "information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."  18 U.S.C. § 3161(b).  In the instant prosecution, the 30-day period would appear to expire on or about April 13, 2026.

The government submits that a limited extension of the time for filing an information or indictment will serve the ends of justice by affording the parties a meaningful opportunity to

2

explore all of the potential charges and consider whether a resolution by way of information is appropriate.  The government is still in the process of examining electronic evidence obtained during the execution of search warrants at the time of the defendant's arrest, the results of which will play a significant role in the charging decisions made by the government.  Due to the timing of scheduled Grand Jury sessions, the process of reviewing this evidence will likely not be complete in time for the government to consider this evidence as part of the potential charges it may present in an indictment in this case.  Absent an extension, the government may not be prepared to present all of the appropriate charges to the Grand Jury at this time and would likely be required to return to the Grand Jury to present a superseding indictment at a future date.  Granting an extension of time will allow for a more efficient process as it may allow the government to present all of the anticipated charges at one Grand Jury sitting, without the need to return for a superseding indictment in the future.  It is anticipated that the parties will use the proposed extension of time to ascertain all of the relevant facts, which if accomplished, will serve the interests of justice by potentially rendering grand jury presentation and/or a trial more complete or unnecessary.  See United States v. Fields, 39 F.3d 439, 445-46 (3d Cir. 1994) (approving "ends of justice" continuance to allow negotiations to continue).  See also United States v. Lewis, 980 F.2d 555 (9th Cir. 1992).  If grand jury presentment proves necessary, the proposed extension of time will serve the ends of justice and promote efficiency by allowing the grand jury panel to consider the full panoply of potential charges.

Undersigned government counsel has consulted with Edward R. LaRue, counsel for defendant, concerning this matter, and is advised that the defense has no objection to the proposed continuance.  The defendant and Edward R. LaRue have executed a Speedy Trial waiver which is attached for the Court's consideration.

For all of the foregoing reasons, the government, pursuant to 18 U.S.C. § 3161(h)(7)(A), respectfully moves this Court to extend the time for filing an information or indictment from on or about April 13, 2026, for 30 days to May 13, 2026, and to enter a finding under that section that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

Respectfully submitted,

DAVID M. TOEPFER
United States Attorney

By:    /s/ Matthew W. Shepherd
       AUSA (OH: 0074056)
       Assistant U.S. Attorney
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, Ohio 44113-1852
       (216) 622-3859
       (216) 522-2403 (facsimile)
       Matthew.shepherd@usdoj.gov

4